**Margarito Lucas RODAS–LOPEZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–70391.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Nov. 24, 2014.

Frank P. Sprouls, Esquire, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Karen L. Melnik, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Margarito Lucas Rodas–Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and we deny the petition for review.

Substantial evidence supports the BIA's determination that even though Rodas–Lopez suffered past persecution by guerrillas in 1992, his presumption of a fear of future persecution was rebutted by evidence of a fundamental change in circumstances in Guatemala based on the 1996 peace accords between the guerrillas and the Guatemalan government. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *see also Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000–01 (9th Cir.2003) (upholding BIA's finding that petitioner's presumption was rebutted). We reject Rodas–Lopez's contention that the BIA failed to conduct an individualized analysis of how the changed circumstances affected his specific situation. *See Sowe v. Mukasey*, 538 F.3d 1281, 1286 (9th Cir.2008). In light of our conclusions, we do not reach Rodas–Lopez's contention regarding his brother and brother-in-law. Finally, we reject Rodas–Lopez's contention that the BIA erred in its discussion of the 2003 incident at his parents' home. Rodas–Lopez did not argue, and does not contend before the court, that the 2003 incident was "closely tied" to his mistreatment by guerrillas in 1992. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed.R.App.P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.